FILED & ENTERED

SEP 27 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JOSE L. GRANADOS and<br>VICTORIA ANN GUTIERREZ VAUGHN,<br><br>                Debtors. | Case No.: 6:21-bk-15024-WJ<br><br>CHAPTER 13<br><br>**ORDER TO SHOW CAUSE REGARDING SANCTIONING (1) BONIAL & ASSOCIATES, P.C. AND (2) NEWREZ LLC d/b/a SHELLPOINT MORTGAGE**<br><br>Hearing:<br>Date:    November 7, 2022<br>Time:    1:30 p.m.<br>Crtm:   304 |

On May 9, 2022, Bonial & Associates, P.C. filed a proof of claim in this case on behalf of NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). The proof of claim has been designated claim #19-1 ("Shellpoint POC") and it contains false information. Specifically, the Shellpoint POC states that the debtors owe a pre-petition arrearage of $7,933.38. On the line "Amount necessary to cure any default as of the date of the petition:" Bonial & Associates wrote "$7,933.38." This matter was extensively discussed on the record at a hearing on July 25, 2022 and, as discussed on the record, this information in the Shellpoint POC is false.

1    In addition, on March 18, 2022, Bonial & Associates, P.C. filed an objection to

2    confirmation [docket #53] ("Shellpoint Objection") stating that the debtors owe an "arrearage in

3    the amount of $7,933.38."  The pleading stated that the "Debtors have failed to provide for the

4    curing of the remaining default of $7,933.38."  The pleading also asks the Court to order the

5    Debtors to pay "an additional $7,933.38".  However, all of these assertions are false.  As

6    discussed on July 25, 2022, the debtors have never owed a pre-petition arrearage of $7,933.38.

7    The consequences of these false statements in the Shellpoint POC and the Shellpoint

8    Objection have harmed the debtors in the following ways.  First, the false statements forced the

9    debtors to file an objection to the claim of the creditor.  Second, the improper objection by the

10   creditor to confirmation has delayed confirmation for months.  Third, even though Bonial &

11   Associates, P.C. clearly understood at the July 25th hearing that the Shellpoint POC contained

12   false information, they still have not (months later) amended the proof of claim which, again, has

13   caused further delay in confirmation.  The failure of Shellpoint to amend the Shellpoint POC

14   meant that the Court could not proceed with confirmation yesterday and, instead, had to continue

15   the matter further to November.

16   In addition, neither Bonial & Associates, P.C. and Shellpoint have withdrawn the

17   Shellpoint Objection.  That objection remains pending even though it is based on a false factual

18   assertion.  Also, neither Bonial & Associates, P.C. nor Shellpoint appeared at the continued

19   hearings yesterday.

20   Accordingly, the Court hereby orders:

21   1.    Pursuant to section 105(d)(1) of the Bankruptcy Code, in order to further the

22   expeditious and economical resolution of this case, the Court hereby sets a status conference in

23   this case for November 7, 2022 at 1:30 p.m.  The Court hereby orders Bonial & Associates, P.C.

24   to personally appear in Courtroom 304 through a senior officer of the firm on November 7, 2022

25   at 1:30 p.m. to explain the conduct of the firm.  Likewise, the Court hereby orders Shellpoint to

26   personally appear in Courtroom 304 through a senior officer of the company on November 7,

27   2022 at 1:30 p.m.  Appearances by telephone, special appearance counsel or telephone are not

28   permitted for this hearing.  Both officers should be prepared to explain the false statements in the

1   Shellpoint POC and the Shellpoint Objection and the resulting harm inflicted upon the debtors.

2       2.      In addition, pursuant to Rule 9011(b)(1)(B) of the Federal Rules of Bankruptcy

3   Procedure, the Court, on its own initiative, hereby issues this order to show cause regarding why

4   the Court should not impose monetary sanctions upon Bonial & Associates P.C. and Shellpoint

5   for violating Rule 9011(b) by submitting pleadings with false factual assertions which they know

6   are false.  A hearing regarding the OSC will occur on November 7, 2022 at 1:30 p.m.  It would

7   assist the Court if, by October 17th, counsel for the debtors filed a short pleading and declaration

8   stating the amount of attorneys fees and costs incurred by counsel for the debtors dealing with

9   the actions of Bonial & Associates, P.C. and Shellpoint (i.e. the amount of time spent dealing

10  with the erroneous proof claim, preparing and filing the objection to claim, communicating with

11  Bonial & Associates, P.C. and Shellpoint, the time spent preparing and attending confirmation

12  hearings that could not proceed, etc.) as well as any other harm caused to the debtors as a result

13  of the delays.

14      3.      Any opposition to the OSC must be filed and served no later than October 24,

15  2022.

16  IT IS SO ORDERED.

17                                  ###

18

19

20

21

22

23

24   Date: September 27, 2022

25                                  Wayne Johnson
                                    United States Bankruptcy Judge
26

27

28