Austin P. Nagel, SBN 118247
Kirsten Martinez, SBN 310674
Bonial & Associates, P.C.
3160 Crow Canyon Place, Suite 215
San Ramon, California 94583
Telephone: (213) 863-6010
Fax: (213) 863-6065
Austin.Nagel@BonialPC.com
Kirsten.Martinez@BonialPC.com

Attorney for The Bank Of New York Mellon FKA The Bank Of New York, as Trustee For The Certificateholders Of The CWMBS Inc., CHL Mortgage Pass-Through Trust 2006-OA5, Mortgage Pass Through Certificates, Series 2006-OA5 as serviced by NewRez LLC d/b/a Shellpoint Mortgage Servicing

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Jose L. Granados and Victoria Ann Gutierrez Vaughn,<br><br><br><br><br><br><br><br>Debtors. | Case No. 6:21-bk-15024-WJ<br><br>Chapter 13<br><br>**DECLARATION OF AUSTIN P. NAGEL IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE**<br><br><u>Hearing</u>:<br>Date:   November 7, 2022<br>Time:   1:30 p.m.<br>Place:  Courtroom 304<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

I, Austin P. Nagel, declare:

   1. I am an attorney at law, licensed to practice law before all courts of the State of California, both State and Federal and I am employed by Bonial & Associates PC., the law firm of record herein for Secured Creditor The Bank of New York Mellon FKA The Bank of New York, as Trustee for The Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Trust 2006-OA5, Mortgage Pass Through Certificates, Series 2006-OA5, as serviced by NewRez LLC d/b/a Shellpoint Mortgage

1  Servicing. I am over the age of 18 years old. In the foregoing capacity, I have personal knowledge of the following and if called upon to testify thereto I could and would do so competently and truthfully.

2. Attached hereto as Exhibit "A" is a true and correct copy of the July 6, 2022 hearing transcript Re: Objection to Claim Number 19-1 (hereafter the " Shellpoint Claim"), filed by Mukta Suri on behalf of the Bank of New York Melon from the Briggs Reporting Company, Inc.. I have attached hereto as Exhibit "B" a true and correct copy of the Shellpoint Claim.

3. I make this Declaration in Response to the Court's Amended Order to Show Cause dated September 28, 2022 (Dkct. #94).

4. I attended the July 6, 2022 hearing in the above captioned matter wherein the only matter before the court was the Debtors' Objection to Secured Creditor's Proof of Claim. Due to service defects by the Debtors of their Objection to Claim, Secured Creditor did not file a response in Opposition to the Debtors' Objection to Proof of Claim, (See Exhibit "A" page 15, lines 18-25 and page 16, lines 1-5).

5. During the course of the July 6, 2022 hearing the court observed that the POC was "very perplexing" and "misleading" (See Exhibit "A". page 10, line 3-4 and page 12, line 15). In response to the Court's inquiry, I, as counsel for Secured Creditor observed for the benefit of the Court that what comprised the arrears set forth in the POC was $547.96 in late charges (See Exhibit "A". page 9, line 23-24) as well as the "projected escrow shortage" which in my stated estimation was included in the POC as an act of "transparency" toensure that the Debtors were aware that these monies would become due in the coming year. (See Exhibit "A". page 10, lines 19-20 and page 11, lines 11-12). Moreover, on direct inquiry from the Court that Secured Creditor's POC constituted an effort by Secured Creditor to have the Debtors' "ordered…to pay an additional 7,933, in addition to the regular monthly payments,(See Exhibit "A" page 11, lines 2-5) this was unequivocally denied by counsel for Secured Creditor. (See Exhibit "A" page 11, lines 10-13).

6. Based on my review of the transcript of the July 6, 2022 hearing on the Debtors' Objection to the POC, the hearing was continued to September 26, 2022 whereby the parties were to either:

a.) resolve Secured Creditor's pending Objection to Confirmation of Plan and the Debtors' Objection to the POC filed by Secured Creditor, or
b.) file further pleadings outlining the parties' current positions.

(See Exhibit "A" page 16, lines 1-10).

7. Following the July 6, 2022 hearing I met and conferred with the attorney for Debtors on several occasions and after lengthy negotiations the parties filed a Stipulation resolving pending Objection to Confirmation of Plan and the Debtors' Objection to the POC (See Dckt. 80) and lodged a proposed Order Approving Stipulation. I have attached hereto as Exhibit "C" a true and correct copy of the filed Stipulation resolving the pending Objection to Confirmation of Plan and the Debtors' Objection to the POC. Pursuant to the terms of the Stipulation, all issues raised in both the Objection to Confirmation of Plan and the Debtors' Objection to the POC and the parties agreed to bear their own fees and costs.

9. By virtue of the negotiations with Debtors' counsel, the parties agreed to reduce the stated arrears in the Shellpoint Claim to $0.00 based on the following agreed adjustments to the Shellpoint Claim:

    a.) Principal and interest arrears were removed from the Shellpoint Claim by applying the Debtors' payment of $3,545.25 mailed by the Debtors prior to the conversion but received post conversion on March 3, 2022, and intended to be applied to the February 1, 2022 installment, and

    b.) The projected escrow payments of totaling $4,645.67 to be paid directly by the Debtors along with the Debtors regular monthly installment. (See paragraph 1 of Exhibit "C" attached hereto, Dckt. No. 80).

    c.) The prepetition fees of $547.96 to be paid directly by the Debtors to Secured Creditor on or before September 30, 2022. (See paragraph 2 of Exhibit "C" attached hereto, Dckt. No. 80).

10. In accordance with the parties' Stipulation (Exhibit "C" attached hereto), Secured Creditor was obliged to amend the Shellpoint Claim and withdraw its Objection to Confirmation upon the Debtors' payment of the pre-petition fees and costs described in paragraph 2 of the Stipulation. In accordance with the Stipulation, the Debtor paid to Secured Creditor the aforementioned fees and costs on September 26, 2022 . (See paragraph 5 of Exhibit "C" attached hereto).

//

//

//

11.     As pointed out above, at the time my firm filed the signed Stipulation resolving the pending Objection to Confirmation of Plan and the Debtors' Objection to the POC, my firm lodged a form of Order Approving the Stipulation. I have attached hereto as Exhibit "D" a true and correct copy of the proposed Order Approving the Stipulation resolving the pending Objection to Confirmation of Plan and the Debtors' Objection to the POC.

12.     With regard to the September 26, 2022, I did not appear based on my understanding that my appearance was excused. I based my understanding that my appearance at the September 26, 2022 was excused due to the filed Stipulation resolving pending Objection to Confirmation of Plan and the Debtors' Objection to the POC and the Court's tentative ruling only directing the appearance of Debtor's counsel. I have attached hereto as Exhibit "E" a true and correct copy of the Court's Tentative Ruling for the hearings on September 26, 2022.

13.     In accordance with the terms of paragraph 5 to the parties Stipulation (Exhibit "C" attached hereto), Secured Creditor filed a Withdrawal of Objection to Confirmation of Plan on October 5, 2022, having been apprised by Secured Creditor that the Debtors paid the fees and costs described in the Stipulation on at paragraph 2 therein on September 26, 2022. Secured Creditor filed its Amended Shellpoint Claim on October 20, 2022. Attached hereto as Exhibit "G" is a true and correct copy of the Amended Shellpoint Claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on October 21, 2022, at San Ramon, California

| Austin P. Nagel | */s/Austin P. Nagel* |
|---|---|
| Declarant's name | Signature of Declarant |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**14841 Dallas Parkway, Suite 425**
**Dallas, Texas 75254**

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF AUSTIN P. NAGEL IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 21, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee*
ustpregion16.rs.ecf@usdoj.gov

*Trustee*
Rod Danielson
Notice-efile@rodan13.com

*Debtors' Attorney*
Gilbert A. Diaz
gilbertdiaz@lawyer.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 21, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*U.S. Bankruptcy Court Judge*
Honorable Wayne E. Johnson
United States Bankruptcy Court
3420 Twelfth Street, Suite 384
Riverside, CA 92501-3819

*Debtors*
Jose L. Granados
Victoria Ann Gutierrez Vaughn
6158 Royal Diamond Ct
Corona, CA 92880

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 21, 2022 | Corey Banks | /s/Corey Banks |
|---|---|---|
| Date | Printed Name | Signature |

7768-N-6774

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                                                                            **F 9013-3.1.PROOF.SERVICE**