**FILED & ENTERED**

**FEB 16 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch      DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:21-bk-15024-WJ |
| JOSE L. GRANADOS and<br>VICTORIA ANN GUTIERREZ VAUGHN,<br><br>Debtors. | CHAPTER 13<br><br>**SCHEDULING ORDER**<br><br>Hearing Date:<br>Date:   February 22, 2023<br>Time:  2:30 p.m.<br>Ctrm.: 304 |

      A hearing is currently scheduled in this case for February 22, 2023 at 2:30 p.m. regarding the motion of Capital One Auto Finance for relief from the automatic stay [docket #122]. No one has filed opposition to the motion and the deadline to do so has passed. Having reviewed the case and the motion, the Court hereby finds that no oral argument is necessary and, pursuant to Rule 9013-1(j)(3) of the Local Bankruptcy Rules, the Court hereby takes off calendar the hearing and waives appearances. No hearing shall occur.

      For the reasons set forth in the motion, the Court finds that relief from the automatic stay is appropriate and the Court is prepared to enter an order granting the motion. It is undisputed that the debtors failed to timely make payments to the moving party and no one has filed opposition to the motion. Therefore, relief from the automatic stay is warranted and the moving party has three options.

1   First, the Court is prepared to enter an order granting the relief on page 5 in paragraphs 1,

2   2 and 6 of the prayer of the motion.  The movant may submit a proposed order with that relief.[1]

3   Second, if the moving party has changed its mind about the motion and no longer seeks

4   relief, the moving party may file a notice of withdrawal of the motion.

5   Third, if the moving party prefers an adequate protection order and the debtors offer terms

6   acceptable to the moving party, the Court will grant adequate protection in the form of an order

7   modifying the proposed chapter 13 plan that converts the direct payments to the moving party into

8   conduit payments by paying all post-petition arrearages by conduit and all future monthly

9   payments by conduit.[2]  In order to pursue this option, counsel for the moving party will need to

10  negotiate payment terms with counsel for the debtors and, if an agreement is reached, then confer

11  with counsel for the trustee who will prepare the needed stipulation and order to implement the

12  agreement by a plan modification that includes conduit payments.  Counsel for the trustee is

13  familiar with the process and can prepare and submit to the Court the needed stipulation and order

14  using the terms agreed upon between the moving party and the debtors.[3]

---

[1] If the moving party pursues the first option initially, the moving party may still pursue the third option later (even after the sixty-day period mentioned in this order).

[2] In some instances, parties discuss an adequate protection stipulation that contemplates continued direct payments by debtors post-confirmation.  Unfortunately, direct payments have not worked in this case.  As the motion for relief from stay indicates, direct payments (instead of conduit payments) have not been successful in this particular case.  Therefore, the Court is uncomfortable with an adequate protection order that contemplates and seeks approval of more direct payments.

Section 1326(c) of the Bankruptcy Code contemplates conduit payments instead of direct payments.  However, in chapter 13 cases, the Court does permit direct payments in certain circumstances until a post-confirmation default occurs.  Once a post-confirmation default occurs, direct payments seem improvident and the provisions of section 1326(c) should be applied.

This topic is addressed in section III(J) of Judge Johnson's Standing Order for Chapter 13 Cases Assigned to Judge Johnson.  In particular, section III(J)(4) of the procedures order states that if a post-confirmation default occurs the case will likely be dismissed or (at a minimum) the Court will enter an order discontinuing direct payments and requiring that any and all future payments under the plan will be made through the trustee by conduit payments.

The standing order was entered in this case on March 1, 2022. See docket #37.

Judge Johnson's standing order is also available on the Court's website using the following link: http://www.cacb.uscourts.gov/sites/cacb/files/documents/judges/instructions/WJ_Chapter%2013%20Procedures%20Order.pdf.  If for any reason this link does not work, the standing order can be found on the Court's website at http://www.cacb.uscourts.gov/. Select the heading "Judges" on the main page and then on the next page click on "Johnson, W" and then on the next page click on the subheading "Instructions/Procedures".  Then click on the link entitled "Chapter 13 – Standing Order Regarding Chapter 13 Procedures (January 1, 2013)".

[3] An example of such a stipulation and order can be reviewed in the case of In re Gloria Estrada, Case No. 6:18-10523-WJ, docket #59 and #60.

1    This order takes off calendar the hearing.  It does not grant any relief.  A further order is
2    necessary to grant any relief.  The deadline for the moving party to complete one of the three
3    options described above is April 24, 2023 (i.e. approximately sixty days from entry of this order).
4    If the moving party fails to do so, the moving party should assume the Court will follow
5    LBR 9021-1(b)(1)(C) and assume the matter has been abandoned and enter an order denying the
6    motion. See LBR 9021-1(b)(1)(C) ("If no party submits a proposed order, the Court may prepare
7    and enter such order as it deems appropriate . . . .").
8    IT IS SO ORDERED.

24   Date: February 16, 2023

_____
Wayne Johnson
United States Bankruptcy Judge