United States Bankruptcy Court

Central District of California

In re:                                                                      Case No. 21-15024-WJ

Jose L Granados                                                             Chapter 13

Victoria Ann Gutierrez Vaughn

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0973-6             User: admin             Page 1 of 2

Date Rcvd: Feb 16, 2023         Form ID: pdf042         Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 18, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | + Jose L Granados, Victoria Ann Gutierrez Vaughn, 6158 Royal Diamond Ct, Corona, CA 92880-8873 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 18, 2023          Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 16, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alipt Patel | on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A. apatel3@aisinfo.com |
| Arvind Nath Rawal | on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A., c/o AIS Portfolio Services, LP arawal@aisinfo.com |
| Austin P Nagel | on behalf of Creditor The Bank Of New York Mellon Kim.Bellanger-Smith@BonialPC.com  Notices.Bonial@ecf.courtdrive.com |
| Austin P Nagel | on behalf of Creditor The Bank of New York Mellon FKA The Bank of New York  as Trustee for The Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Trust 2006-OA5, Mortgage Pass Through Certificates, Series 2006 Kim.Bellanger-Smith@BonialPC.com, Notices.Bonial@ecf.courtdrive.com |
| Cameron C Ridley | |

District/off: 0973-6

User: admin

Page 2 of 2

Date Rcvd: Feb 16, 2023

Form ID: pdf042

Total Noticed: 1

on behalf of U.S. Trustee United States Trustee (RS) Cameron.Ridley@usdoj.gov

Gilbert A Diaz

on behalf of Debtor Jose L Granados gilbertdiaz@lawyer.com

Gilbert A Diaz

on behalf of Joint Debtor Victoria Ann Gutierrez Vaughn gilbertdiaz@lawyer.com

Jeffrey W Dulberg

on behalf of Creditor Bonial & Associates  PC jdulberg@pszjlaw.com

Marjorie M Johnson

on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A. mmjesq@yahoo.com, ca.ecf@aislegaltrac.com

Rod Danielson (TR)

notice-efile@rodan13.com

Shannon Johnson

on behalf of Creditor Jefferson Capital Systems LLC shannon.johnson@jcap.com

United States Trustee (RS)

ustpregion16.rs.ecf@usdoj.gov


TOTAL: 12

1

2

3

4

5

6

7

FILED & ENTERED

FEB 16 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch     DEPUTY CLERK

8

9

10

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

11   In re:

12   JOSE L. GRANADOS and
     VICTORIA ANN GUTIERREZ VAUGHN,

13

14        Debtors.

15

16

17

Case No.: 6:21-bk-15024-WJ

CHAPTER 13

**SCHEDULING ORDER**

<u>Hearing Date:</u>
Date:   February 22, 2023
Time:   2:30 p.m.
Ctrm.:  304

18        A hearing is currently scheduled in this case for February 22, 2023 at 2:30 p.m. regarding

19   the motion of Capital One Auto Finance for relief from the automatic stay [docket #122].  No one

20   has filed opposition to the motion and the deadline to do so has passed.  Having reviewed the case

21   and the motion, the Court hereby finds that no oral argument is necessary and, pursuant to

22   Rule 9013-1(j)(3) of the Local Bankruptcy Rules, the Court hereby takes off calendar the hearing

23   and waives appearances.  No hearing shall occur.

24        For the reasons set forth in the motion, the Court finds that relief from the automatic stay

25   is appropriate and the Court is prepared to enter an order granting the motion.  It is undisputed

26   that the debtors failed to timely make payments to the moving party and no one has filed

27   opposition to the motion.  Therefore, relief from the automatic stay is warranted and the moving

28   party has three options.

- 1 -

1    First, the Court is prepared to enter an order granting the relief on page 5 in paragraphs 1,

2    2 and 6 of the prayer of the motion.  The movant may submit a proposed order with that relief.[1]

3    Second, if the moving party has changed its mind about the motion and no longer seeks

4    relief, the moving party may file a notice of withdrawal of the motion.

5    Third, if the moving party prefers an adequate protection order and the debtors offer terms

6    acceptable to the moving party, the Court will grant adequate protection in the form of an order

7    modifying the proposed chapter 13 plan that converts the direct payments to the moving party into

8    conduit payments by paying all post-petition arrearages by conduit and all future monthly

9    payments by conduit.[2]  In order to pursue this option, counsel for the moving party will need to

10   negotiate payment terms with counsel for the debtors and, if an agreement is reached, then confer

11   with counsel for the trustee who will prepare the needed stipulation and order to implement the

12   agreement by a plan modification that includes conduit payments.  Counsel for the trustee is

13   familiar with the process and can prepare and submit to the Court the needed stipulation and order

14   using the terms agreed upon between the moving party and the debtors.[3]

---

[1] If the moving party pursues the first option initially, the moving party may still pursue the third option later (even after the sixty-day period mentioned in this order).

[2] In some instances, parties discuss an adequate protection stipulation that contemplates continued direct payments by debtors post-confirmation.  Unfortunately, direct payments have not worked in this case.  As the motion for relief from stay indicates, direct payments (instead of conduit payments) have not been successful in this particular case.  Therefore, the Court is uncomfortable with an adequate protection order that contemplates and seeks approval of more direct payments.

Section 1326(c) of the Bankruptcy Code contemplates conduit payments instead of direct payments. However, in chapter 13 cases, the Court does permit direct payments in certain circumstances until a post-confirmation default occurs.  Once a post-confirmation default occurs, direct payments seem improvident and the provisions of section 1326(c) should be applied.

This topic is addressed in section III(J) of Judge Johnson's Standing Order for Chapter 13 Cases Assigned to Judge Johnson.  In particular, section III(J)(4) of the procedures order states that if a post-confirmation default occurs the case will likely be dismissed or (at a minimum) the Court will enter an order discontinuing direct payments and requiring that any and all future payments under the plan will be made through the trustee by conduit payments.

The standing order was entered in this case on March 1, 2022. See docket #37.

Judge Johnson's standing order is also available on the Court's website using the following link: http://www.cacb.uscourts.gov/sites/cacb/files/documents/judges/instructions/WJ_Chapter%2013%20Procedures%20Order.pdf.  If for any reason this link does not work, the standing order can be found on the Court's website at http://www.cacb.uscourts.gov/. Select the heading "Judges" on the main page and then on the next page click on "Johnson, W" and then on the next page click on the subheading "Instructions/Procedures". Then click on the link entitled "Chapter 13 – Standing Order Regarding Chapter 13 Procedures (January 1, 2013)".

[3] An example of such a stipulation and order can be reviewed in the case of In re Gloria Estrada, Case No. 6:18-10523-WJ, docket #59 and #60.

1      This order takes off calendar the hearing.  It does not grant any relief.  A further order is

2  necessary to grant any relief.  The deadline for the moving party to complete one of the three

3  options described above is April 24, 2023 (i.e. approximately sixty days from entry of this order).

4  If the moving party fails to do so, the moving party should assume the Court will follow

5  LBR 9021-1(b)(1)(C) and assume the matter has been abandoned and enter an order denying the

6  motion. See LBR 9021-1(b)(1)(C) ("If no party submits a proposed order, the Court may prepare

7  and enter such order as it deems appropriate . . . .").

8  IT IS SO ORDERED.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: February 16, 2023

25  Wayne Johnson
    United States Bankruptcy Judge

26

27

28

- 3 -